**[Cite as *State v. Stahl-Francisco*, 2020-Ohio-5456.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    19CA0093-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JENNIFER M. STAHL-FRANCISCO | MEDINA MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | CASE No.    19TRC04877 |

DECISION AND JOURNAL ENTRY

Dated: November 30, 2020

HENSAL, Judge.

{¶1}    Jennifer Stahl-Francisco appeals her convictions in the Medina Municipal Court. For the following reasons, this Court affirms.

I.

{¶2}    Ms. Stahl-Francisco was tried before a jury on one count of operating a vehicle under the influence of alcohol. About an hour after the jury began deliberations, the court received a question from it concerning whether a juror could be removed for being mentally unstable. While the court was consulting with counsel and crafting an appropriate response, it received a second question concerning what would happen if the jurors could not all agree on a verdict. After the court answered that question but was still reviewing the first question with counsel, it learned that the jury had reached a verdict. Upon calling the jury back into the courtroom, the court inquired with the juror who was the target of the first question. The juror indicated that she did not agree with the verdict but could not stay there forever and needed to go home. When the court inquired

further, the juror admitted that she was going along with the verdict not based on her own independent assessment of the case but because of her desire to get finished sooner.

{¶3} Based on the juror's statements, the court dismissed her and recalled the alternate juror to take her place. The court then instructed the jury to begin their deliberations anew. The recomposed jury found Ms. Stahl-Francisco guilty of the offense, and the trial court found her guilty of displaying improper taillights. The court sentenced Ms. Stahl-Francisco to 90 days in jail, but it suspended 80 of the days. Ms. Stahl-Francisco has appealed, assigning five errors.

II.

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR WHEN IT, REMOVED A JUROR FOR REASONS STEMMING FROM THE JUROR'S VIEWS ON THE MERITS OF THE CASE IN VIOLATION OF SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, § 10 OF THE OHIO CONSTITUTION.

{¶4} Ms. Stahl-Francisco argues that the trial court denied her the right to an impartial jury when it removed the juror who expressed disagreement with the verdict. Criminal Rule 24(G)(1) indicates that the purpose of alternate jurors is to replace jurors who "become or are found to be unable or disqualified to perform their duties." The rule implicitly grants a trial court the authority to dismiss a juror who is not impartial or is otherwise not suitable for service. *State v. Smith*, 9th Dist. Summit No. 23288, 2007-Ohio-1680, ¶ 43. The Ohio Supreme Court has held, however, that "a juror cannot be removed if there is 'any possibility' that fellow jurors' complaints about him or her are rooted in his or her view of the merits of the case." *State v. Robb*, 88 Ohio St.3d 59, 81 (2000), quoting *United States v. Thomas*, 116 F.3d 606, 621 (2d Cir.1997). "[T]o remove a juror because [s]he is unpersuaded by the Government's case is to deny the defendant his right to a unanimous verdict." *Id.* We review the trial court's decision to discharge a juror for abuse of discretion. *State v. Bryan*, 101 Ohio St.3d 272, 2004-Ohio-971, ¶ 80.

{¶5}    The jury's initial question was "Can a jury member be removed from being what seems unstable, paren, very shaken, closed paren, mentally, question mark." Before the parties and court determined how to respond to the question, the jury asked a second question of "What happens if we can't agree?" Noting that it had only been about an hour since deliberations had begun, the court returned an answer on the second question that the jury should review the instructions and keep deliberating. The court then returned to discussing the first question with counsel. Before reaching an agreement on how to respond, the jury returned a verdict, so the court answered the jury that its first question was moot.

{¶6}    When the jury was called into the courtroom, the court asked whether the juror who was alleged to be unstable was feeling well. She responded that she "actually disagree[d] with the overall verdict, but I can't stay here forever, and I need to go home. And I think it's not right, actually, that you make people stay until they decide, because then people are going to choose to go with the group." The court replied that the point of deliberations "is that the parties work through disagreements, examine evidence together, reason with each other, and come to certain conclusions." It also informed the juror that deliberations "are giv[en] a sufficient amount of time so people can work through those issues. But it sounds to me as though you have decided to acquiesce your verdict reached by your co-jurors for reasons not having to do with your own independent assessment in this case, but your desire to get out of here soon." The juror verified that the court's assessment was correct. The court, therefore, concluded that the verdict was not unanimous, finding that the jury had only reached a conclusion because one juror "for reasons ha[ving] nothing to do with actually delivering a verdict in this case, desire[d] to leave the court, [and] abandon her jury duty * * *." It determined, however, that Ms. Stahl-Francisco could still receive a fair trial by dismissing the juror and replacing her with the alternate juror. The court

called the jury back into the courtroom and dismissed the juror finding that "she has abdicated her responsibilities as a juror, she has decided not to participate in accordance with the Court's instructions, and that she is reaching her conclusions by reasons, I think, creates an obvious injustice to [Ms. Stahl-Francisco] * * *."

{¶7}     The jury's first question did not contain any indication that its concern about one of its members had anything to do with that juror's views on the merits of the case.  The jury's second question did not indicate that it was the juror who was the subject of the first question who was creating disagreement among the jurors.  When the jury returned to the courtroom, the court did not ask the jurors to describe anything that had occurred during deliberations.  It simply asked the juror who was referenced in the first question whether she was feeling well.  It was at that point that the juror volunteered that she was only going along with the verdict because she wanted to leave.  The court did not actually know whether the verdict was to convict or acquit Ms. Stahl-Francisco.  It decided, however, that the juror was declining to participate in further conversations about the merits of the case and was only going along with the verdict to facilitate the end of her service.

{¶8}     Upon review of the record, we conclude that there is no indication that the jury's concern about one of its members was rooted in the juror's view of the merits of the case.  There is also no indication that the court removed the juror because she was unpersuaded by the State's case.  Although the jury convicted Ms. Stahl-Francisco after the alternate juror was substituted for the removed juror, at the time the court removed the juror, it had no idea whether the jury's original verdict was for conviction or acquittal.  We cannot say that the trial court exercised improper discretion when it decided to remove the juror based on her admission that she was refusing to perform her responsibilities as a juror.  We also conclude that the removal of the juror did not

deprive Ms. Stahl-Francisco of the right to a fair trial. Ms. Stahl-Francisco's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR WHEN IT INSTRUCTED THE JURY TO RESUME DELIBERATIONS AFTER IT REMOVED A JUROR AND REPLACED THE JUROR WITH AN ALTERNATE IN VIOLATION OF SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.

{¶9} Ms. Stahl-Francisco next argues that the trial court committed error when it replaced the removed juror because it failed to instruct the reconstituted jury that it should begin its deliberations anew. Rule 24(G)(1) provides that, "[i]f an alternate replaces a juror after deliberations have begun, the court must instruct the jury to begin its deliberations anew." Ms. Stahl-Francisco acknowledges that she did not object to the court's instructions to the new jury but contends that the alleged error was plain.

{¶10} The record does not support Ms. Stahl-Francisco's argument. After replacing the dismissed juror, the court explained to the jury:

> [N]ow that you are recomposed with this new juror, you need to start anew when you begin your deliberations. In other words, you don't just pick up and work with [the replacement juror] with regard to the conclusions you've already made. You owe it to [Ms. Stahl-Francisco] and to the State that the evidence and the law be re-examined fresh with the new composition, with this new Jury, so that everyone gets a fair and impartial trial in this case.

Immediately thereafter, it directed the jury to "please reconvene to restart your deliberations * * *." We, therefore, conclude that the trial court did not fail to comply with the requirement in Rule 24(G)(1) that it instruct the jury to begin its deliberations anew. Ms. Stahl-Francisco's second assignment of error is overruled.

ASSIGNMENT OF ERROR III

MS. STAHL-FRANCISCO WAS DENIED HER CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL WHEN HER TRIAL COUNSEL FAILED TO OBJECT TO THE TRIAL COURT'S INSTRUCTING THE JURY TO RESUME DELIBERATIONS.

{¶11}  Ms. Stahl-Francisco next argues that she received ineffective assistance of trial counsel.  To prevail on a claim of ineffective assistance of counsel, she must establish (1) that her counsel's performance was deficient to the extent that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  A deficient performance is one that falls below an objective standard of reasonable representation. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus.  A court, however, "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland* at 689, quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955).  To establish prejudice, Ms. Stahl-Francisco must show that there existed a reasonable probability that, but for her counsel's errors, the outcome of the proceeding would have been different. *State v. Sowell*, 148 Ohio St.3d 554, 2016-Ohio-8025, ¶ 138.

{¶12}  Ms. Stahl-Francisco argues that her counsel should have objected when the trial court violated Rule 24(G) after replacing one of the jurors.  She also alleges that the error directly affected the outcome of the proceedings.  As noted above, however, the trial court did not fail to instruct the jury to begin its deliberations anew after it replaced one of the jurors with the alternate. We, therefore, conclude that Ms. Stahl-Francisco's counsel did not render deficient performance when she dd not object to the court's instructions.  Consequently, Ms. Stahl-Francisco has not

established that she received ineffective assistance of counsel. Ms. Stahl-Francisco's third assignment of error is overruled.

ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT'S MOTION FOR A TRANSCRIPT OF THE SUPPRESSION HEARING IN VIOLATION OF MS. STAHL-FRANCISCO'S RIGHTS TO DUE PROCESS OF LAW AND TO EQUAL PROTECTION UNDER THE LAW.

{¶13} Ms. Stahl-Francisco's fourth assignment of error is that the trial court incorrectly refused to provide her with a copy of the transcript of the suppression hearing. According to Ms. Stahl-Francisco, because she did not have a copy of that transcript, it hindered her cross-examination of the trooper who conducted the traffic stop of her vehicle.

{¶14} The transcript of the suppression hearing has been prepared for appeal. Ms. Stahl-Francisco, however, has not identified anything in her argument that she would have used to cross-examine the trooper. In her statement of facts, Ms. Stahl-Francisco notes that, at the suppression hearing, the trooper was able to identify the shoes she was wearing at the time of the stop. She alleges that at trial, however, he could not identify the shoes.

{¶15} On cross-examination, Ms. Stahl-Francisco asked the trooper whether they had talked about "these shoes" during a previous hearing. The trooper agreed. She then asked whether he agreed that "these are the ones she was wearing." He replied that they "could be, yes." Accordingly, we do not agree that the trooper was unable to identify Ms. Stahl-Francisco's shoes at trial. In addition, Ms. Stahl-Francisco does not argue how a transcription of the trooper's answers regarding her shoes during the suppression hearing would have aided her cross-examination of him. Upon review of the record, we conclude that, even if Ms. Stahl-Francisco was entitled to a copy of the suppression hearing transcript, she was not prejudiced by the trial court's denial of her motion. Crim R. 52(A) ("Any error, defect, irregularity, or variance which

does not affect substantial rights shall be disregarded."). Ms. Stahl-Francisco's fourth assignment of error is overruled.

ASSIGNMENT OF ERROR V

THE CUMULATIVE EFFECT OF THE TRIAL COURT'S ERRORS DENIED DEFENDANT A FAIR TRIAL.

{¶16} Ms. Stahl-Francisco's final argument is that the cumulative effect of all of the trial court's errors deprived her of a fair trial. "Under the doctrine of cumulative error, 'a conviction will be reversed when the cumulative effect of errors in a trial deprives a defendant of a fair trial even though each of the numerous instances of trial-court error does not individually constitute cause for reversal.'" *State v. Froman*, __ Ohio St.3d __, 2020-Ohio-4523, ¶ 156, quoting *State v. Powell*, 132 Ohio St.3d 233, 2012-Ohio-2577, ¶ 223.

{¶17} Ms. Stahl-Francisco has not established that the trial court committed multiple errors in this case. The doctrine of cumulative error, therefore, is not applicable. *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, ¶ 132. Ms. Stahl-Francisco's fifth assignment of error is overruled.

III.

{¶18} Ms. Stahl-Francisco's assignments of error are overruled. The judgment of the Medina Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

OLIVIA A. MYERS, Attorney at Law, for Appellant.

ROBERT B. CAMPBELL, Prosecuting Attorney, for Appellee.